IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| COMMODITY SOLUTIONS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08-28C |
| v. | ) | |
| | ) | (Judge C. Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

For its answer to the plaintiff's complaint, defendant, the United States, admits, denies and alleges as follows:______

Introduction

1. The allegations contained in paragraph 1 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

Jurisdiction

2. The allegations contained in paragraph 2 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; we are currently not aware of any reason why the Court would not possess jurisdiction.

Nature Of The Case

3. The allegations contained in paragraph 3 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

Parties

4. Denies the allegations contained in the paragraph 4 for lack of knowledge or information sufficient to form a belief as to their truth.

5. Denies the allegations contained in the paragraph 5 for lack of knowledge or information sufficient to form a belief as to their truth.

6. Denies the allegations contained in the paragraph 6 for lack of knowledge or information sufficient to form a belief as to their truth.

7. Admits.

8. Admits.

General Allegations

9. Admits the allegations contained in paragraph 9 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 9.

10. The allegations contained in paragraph 10 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; otherwise, denies the allegations contained in the first sentence of paragraph 10 for lack of information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 10 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 10.

11. The allegations contained in paragraph 11 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; otherwise, admits the

allegations contained in paragraph 11 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 11.

12. Admits the allegations contained in paragraph 12 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 12..

13. Admits the allegations contained in paragraph 13 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 13.

14. The allegations contained in paragraph 14 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; otherwise, admits the allegations contained in paragraph 14 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 14.

15. The allegations contained in paragraph 15 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; otherwise, admits the allegations contained in paragraph 15 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 15.

16. The allegations contained in paragraph 16 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; otherwise, admits the allegations contained in paragraph 16 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 16.

17. Denies the allegations contained in paragraph 17 for lack of information sufficient to form a belief as to their truth.

18. Denies the allegations contained in paragraph 18 for lack of information sufficient to form a belief as to their truth.

19. Denies the allegations contained in paragraph 19 for lack of information sufficient to form a belief as to their truth.

20. Denies the allegations contained in paragraph 20 for lack of information sufficient to form a belief as to their truth.

21. Admits that on November 7, 2006, Commodity notified the Government that it claimed to have made a mistake in its bid; otherwise, denies the allegations contained in paragraph 21.

22. Admits the allegations contained in paragraph 22 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 22.

23. Admits the allegations contained in paragraph 23 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 23.

24. Admits the allegations contained in paragraph 24 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 24.

25. Admits the allegations contained in paragraph 25 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 25.

26. Admits that the Government issued to Commodity three notices to deliver for the lentils and two notices to deliver for the green peas; otherwise, denies the allegations contained in paragraph 26.

27. Admits the allegations contained in paragraph 27 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 27.

28. Admits the allegations contained in paragraph 28 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 28.

29. Admits the allegations contained in paragraph 29 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 29.

30. Admits the allegations contained in paragraph 30 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 30.

31. Admits the allegations contained in paragraph 31 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 31.

32. Admits the allegations contained in paragraph 32 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 32.

33. Denies the allegations contained in paragraph 33 for lack of information sufficient

to form a belief as to their truth.

34. Admits the allegations contained in the first and third sentences of paragraph 34 to the extent supported by the document cited, which is the best evidences of its contents; otherwise, denies the allegations contained in the first and third sentences of paragraph 34. Denies the allegations contained in the second sentence of paragraph 34 for lack of information sufficient to form a belief as to their truth.

35. Admits the allegations contained in paragraph 35 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 35.

36. Admits the allegations contained in paragraph 36 to the extent supported by the e-mail cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 36.

37. Admits the allegations contained in paragraph 37 to the extent supported by the e-mail cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 37.

38. Admits the allegations contained in paragraph 38 to the extent supported by the e-mail cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 38.

39. Admits the allegations contained in paragraph 39 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 39.

40. Admits that the Government reprocured the lentils from another supplier. Denies

the remainder of the allegations contained in paragraph 40.

41. The allegations contained in paragraph 41 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; we are currently not aware of any reason why this case would be untimely.

Count I

42. Defendant incorporates by reference its responses to paragraphs 1 through 41 above.

43. The allegations contained in paragraph 43 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied

44. Admits that on November 7 and 9, 2006, plaintiff informed the Government of an alleged mistake in its bid. Denies the remainder of the allegations contained in paragraph 44.

45. Denies.

46. Denies.

47. Denies.

Count II

48. Defendant incorporates by reference its responses to paragraphs 1 through 47 above.

49. The allegations contained in paragraph 49 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, admits that on November 7 and 9, 2006, plaintiff informed the Government of an alleged mistake in its bid. Denies the remainder of the allegations contained

in paragraph 49.

50. Denies.

51. Denies.

52. Denies.

Count III

53. Defendant incorporates by reference its responses to paragraphs 1 through 52 above.

54. The allegations contained in paragraph 54 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, admits that on November 7 and 9, 2006, plaintiff informed the Government of an alleged mistake in its bid. Denies the remainder of the allegations contained in paragraph 54.

55. Admits.

56. Admits that on January 19, 2007, Commodity sent to the Government an e-mail, which is the best evidence of its contents, in which Commodity proposed to provide the contractual quantities of peas and lentils, but at a higher price. Denies the remainder of the allegations contained in paragraph 56.

57. Denies.

58. Denies.

59. Denies.

Count IV

60. Defendant incorporates by reference its responses to paragraphs 1 through 59

above.

61. Admits that on November 7 and 9, 2006, plaintiff informed the Government of an alleged mistake in its bid. Denies the remainder of the allegations contained in paragraph 61.

62. Admits.

63. Admits that on January 19, 2007, Commodity sent to the Government an e-mail, which is the best evidence of its contents, in which Commodity proposed to provide the contractual quantities of peas and lentils, but at a higher price. Denies the remainder of the allegations contained in paragraph 63.

64. Admits.

65. Admits that the Government terminated for default the lentil portion of the contract on January 22, 2007. Denies the remainder of the allegations contained in paragraph 65 for lack of information sufficient to form a belief as to their truth.

66. Denies.

67. Denies.

68. Admits that the Government reprocured the lentils from another supplier. Denies the remainder of the allegations contained in paragraph 68.

69. Denies.

70. Denies.

71. Denies that plaintiff is entitled to the relief requested or to any other relief whatsoever.

72. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that

the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

S/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Assistant Director

s/ Roger A. Hipp
ROGER A. HIPP
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 305-3091
Facsimile: (202) 514-8640

March 17, 2008

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this ___ day of March, 2008, a copy of the foregoing "DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT" was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/